UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>WILMA SHORE, et al.,<br><br>  Defendants. | CASE NO. 1:11-cv-01038-AWI-SMS<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THE GRANT OF THE GOVERNMENT'S MOTION FOR DEFAULT JUDGMENT**<br><br>(Doc. 39) |

    Plaintiff United States of America ("Government") moves for Entry of Default Judgment against Defendants Wilma V. Shore Family Trust, A & N Diesel, Lyro, and Steel Truss and Supply (collectively, the "Defendants"), ordering that the Defendants cannot object to the foreclosure, that the foreclosure will be free and clear of the Defendants' interests, and that the Defendants will receive no distribution from the proceeds of any foreclosure sale. This Court has reviewed the papers and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h). Having considered all written materials submitted, the undersigned recommends that the Government's motion be granted.

I.    **Background**

    The Government seeks foreclosure of federal tax liens and entrance of a judgment lien against real property located at 3705-3777 Meadow View Drive, Redding, Shasta County, California 96002 ('the subject property"), which is owned by Defendant Wilma Shore. It filed its complaint in this Court on June 22, 2011. Pursuant to 26 U.S.C. § 7403(b), in addition to Defendant Shore, the Government named as defendants the Wilma V. Shore Family Trust, Mid-

Valley Services, Inc., A & N Diesel, CARRCORR, GEN III, Ramon Hernandez, International Web Coating, LeTourneau, Lyro, Mountain Fire Crew, Northern CA Veterans Museum, Precision Auto Body, Redding Printing, Salvation Army, SHHIP, and Steel Truss and Supply, each of which could claim an interest in the subject property.

Thereafter, the Government and lien holder Mid-Valley Services stipulated to the priorities of their liens.  The Government and the following entities named as defendants stipulated that the sale of the subject property would be subject to their leases: CARRCORR, International Web Coating, LeTourneau, Mountain Fire Crew, Northern CA Veterans Museum, Redding Printing, Salvation Army, and SHHIP.  The Government dismissed Ramon Hernandez, GEN III, and Precision Auto Body since none of these parties had an interest in the subject property.

On July 11, 2011, the Government personally served A & N Diesel with a copy of the summons and complaint.  A & N Diesel did not file a timely answer or response to the complaint.  The Clerk entered default against A & N Diesel on November 23, 2011.

On July 11, 2011, the Government personally served Lyro with a copy of the summons and complaint.  Lyro did not file a timely answer or response to the complaint.  The Clerk entered default against Lyro on November 23, 2011.

On July 13, 2011, the Government personally served Steel Truss and Supply with a copy of the summons and complaint.  Steel Truss and Supply did not file a timely answer or response to the complaint.  The Clerk entered default against Steel Truss and Supply on November 23, 2011.

On August 24, 2011, the Wilma V. Shore Family Trust's counsel executed a waiver of service.  Wilma V. Shore Family Trust did not file a timely answer or response to the complaint.  The Clerk entered default against Wilma V. Shore Family Trust's on November 9, 2011.

On December 8, 2011, the Government served copies of its requests for entry of judgment against the Defendants and copies of the entries of default.  None of the Defendants responded.

///

///

II.     **Legal Standard for Default Judgment**

The Government moves for entry of default judgment pursuant to F.R.Civ.P.55(b)(2), which provides that judgment may be entered:

> (2) By the Court. In all other cases the party entitled to judgment by default shall apply to the Court therefor; but no judgment shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the Court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the Court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

None of the Defendants against whom this motion is brought is an infant or incompetent person, or in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940 (Doc. 27-2, ¶¶ 7 & 8). Further, "upon default, the well pleaded allegations of the complaint relating to liability are taken as true." *Dundee Cement Co. v. Highway Pipe and Concrete Products*, 722 F.2d 1319, 1323 (7th Cir. 1983). *See also TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, *Moore's Federal Practice* § 55.11 (3d ed. 2000).

When exercising discretion as to the entry of a default judgment, courts may consider (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

This Court has evaluated the factors listed above and finds that the facts of this case favor our granting default judgment. First, the Government would suffer prejudice if the Court does not enter default judgment since Defendants have not participated in this litigation and the Government has no other means of addressing their potential interests in the subject property.

Second, the Government's complaint properly alleges the necessary elements of the cause of action, satisfying the second and third factors, the merits of the substantive claim and the sufficiency of the complaint. Because a significant amount of money is at stake in this action and because the Government has demonstrated that its actions are authorized by law and has proven the amount of damages, the fourth factor has also been satisfied.

Finally, although cases should be decided on the merits when reasonably possible, that preference alone does not preclude the entry of default judgment. *PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D.Cal. 2002). Because the Defendants' interest in the property is solely that of lessees, entering default judgment is appropriate in that it resolves Defendants' interests in the property in light of forthcoming foreclosure of the underlying ownership interest of their lessor and prevents them from objecting to the subject property's sale, which would greatly prejudice the Government..

### III. Foreclosure of Judgment Lien and Defendants' Potential Interest in Subject Property

When the Secretary of the Treasury has requested that the Government sue to enforce a tax liability, the Court has jurisdiction to enforce the lien and subject the property to payment of tax. 26 U.S.C. § 7403 (a). This jurisdiction includes the power for the Court to determine all claims or liens on the subject property, to order the property sold when appropriate, and to distribute the sale proceeds. Because the Defendants have not answered, pled, or otherwise appeared in this action, entry of default judgment against them is the appropriate means to resolve issues relating to their potential interests in the subject property.

### IV. Recommendation

Accordingly, the undersigned **HEREBY RECOMMENDS** that:

1. The Government's motion for the entry of default judgment against Defendants Wilma V. Shore Family Trust, A & N Diesel, Lyro, and Steel Truss and Supply be granted.
2. Defendants Wilma V. Shore Family Trust, A & N Diesel, Lyro, and Steel Truss and Supply be precluded from objecting to any foreclosure of the subject property in this case;
3. The foreclosure of the subject property be free and clear of any interest of Defendants Wilma V. Shore Family Trust, A & N Diesel, Lyro, and Steel Truss and Supply;

4. Defendants Wilma V. Shore Family Trust, A & N Diesel, Lyro, and Steel Truss and Supply be denied any distribution from the proceeds of any sale of the subject property

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court, serving a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 23, 2012**              /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE