UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:11-cv-01038-AWI-SMS |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS RECOMMENDING THE GRANT OF THE GOVERNMENT'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT WILMA SHORE** |
| v. | |
| WILMA SHORE, et al., | |
| Defendants. | (Doc. 40) |

Plaintiff United States of America ("Government") moves for Entry of Default Judgment against Defendant Wilma Shore.  This Court has reviewed the papers and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h).  Having considered all written materials submitted, the undersigned recommends that the Government's motion be granted.

I.      **Procedural and Factual Background**

   A.      **Judgment Against Shore**

On August 7, 2007, Wilma Shore filed a "Complaint for Monies Erroneously Withheld under the Internal Revenue Laws" against the United States.  The United States answered and counterclaimed to reduce to judgment certain outstanding tax assessments made against Wilma Shore pursuant to 26 U.S.C. § 6672 for willful failure to collect, truthfully account for, or pay over the withheld income and FICA taxes of Dean R. Shore, Inc., and Dean's Materials, Inc., for the tax periods 1997-1999 in *Wilma Shore v. Kevin M. Brown, et al.,* No. 1:07-cv-01160-OWW-SMS (E.D. Cal.).

1     On November 10, 2009, Shore stipulated to an entry of judgment that resolved all claims at issue in the case.  The United States agreed not to execute on the judgment provided that Shore timely complied and performed all terms of the settlement agreement, including making a payment to the United States by December 31, 2010.  On November 13, 2009, the Court issued a final judgment against Shore in the amount of $2,983,797.66, less payments or credits, plus interest accruing after July 17, 2009.  Shore has not satisfied the judgment: in fact, she has made no payment of any amount to the United States in accordance with the judgment.

    On February 16, 2011, the government filed an abstract of judgment with the Shasta County Recorder as instrument number 2011-0004872.  Upon the filing of the Abstract of Judgment, a lien arose against Shore's real property, including the subject property, pursuant to 28 U.S.C. § 3201.

    The subject property is located at 3705-3777 Meadow View Drive, Redding, Shasta County, California 96002 ('the subject property"), more fully described as:

> Parcel One:
>
> All that portion of the Northerly 675.00 feet of the West one-half of the Northeast quarter of the Southeast quarter of Section 34, Township 31 North, Range 4 West, M.D.M., lying Northeasterly of the Northeasterly right of way line of the County Road as described in the Deed from Thaddeus I. Stevenson to County of Shasta, dated May 27, 1958 and recorded June 18, 1958 in Book 569, of the Official Records at page 37.
>
> Together with an easement for road purposes to be used in common with the Grantors, their heirs and assigns over the Westerly 40.00 feet of the West one-half of the Northeast one-quarter of the Southeast one-quarter of Section 34, Township 32 North, Range 4 West, M.D.M., lying Northerly of the County Road described in the deed to the County of Shasta recorded June 18, 1958 in Book 569 of the Official Records at page 37, Shasta County Records, and Southerly of the South line of the North 675.00 feet of said West one-half.
>
> Assessor's Parcel Number 056-590-010.
>
> Parcel Two:
>
> The East one-half of the Northwest one-quarter of the Southeast one-quarter of Section 34, Township 31 North, Range 4 West, Mount Diablo Base and Meridian.
>
> Excepting therefrom, Parcel 1 as described in the Deed to the County of Shasta, recorded July 28, 1958 in Book 572, Page 547, Official Records.
>
> Assessor's Parcel Number 056-590-08.

Shore is the sole owner of the property, which is rented to various tenants. The interests of the various tenants have previously been addressed in this action.

### B. The Present Action

On June 22, 2011, the United States filed a complaint seeking to foreclose the federal tax liens and federal judgment lien on the subject property. On August 24, 2011, Shore's counsel executed a waiver of service form. Nonetheless, Shore failed to answer or otherwise respond. On November 9, 2011, the Clerk of Court entered the default of Wilma Shore. On November 2, and December 8, 2011, the United States served copies of the request for entry of default and the Clerk's entry of default on Shore's counsel.

## II. Valid Tax Liens

Even if Shore had not defaulted, the United States is entitled to foreclose on the subject property because it has valid and subsisting federal tax liens and a judgment lien against the subject property. Pursuant to 26 U.S.C. § 6321, the amount of the delinquent taxpayer's liability shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to the taxpayer. A lien imposed under § 6321 arises at the time the assessment is made and continues until the liability is satisfied, or the lien is removed in accordance with federal law. 26 U.S.C. § 6322. A federal tax lien is perfected upon assessment and no further action is necessary. *United States v. McDermott*, 507 U.S. 447, 452-55 (1993); *Glass City Bank of Jeanette, Pa. v. United States*, 326 U.S. 265, 267 (1945). As of December 19, 2011, the balance of the judgment lien against Shore was $3,262,370.98.

## III. Legal Standard for Default Judgment

The Government moves for entry of default judgment pursuant to F.R.Civ.P.55(b)(2), which provides that judgment may be entered:

> (2) By the Court. In all other cases the party entitled to judgment by default shall apply to the Court therefor; but no judgment shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the Court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to

>make an investigation of any other matter, the Court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Shore is not an infant or incompetent person, or in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. Further, "upon default, the well pleaded allegations of the complaint relating to liability are taken as true." *Dundee Cement Co. v. Highway Pipe and Concrete Products*, 722 F.2d 1319, 1323 (7th Cir. 1983). *See also TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, *Moore's Federal Practice* § 55.11 (3d ed. 2000).

When exercising discretion as to the entry of a default judgment, courts may consider (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

This Court has evaluated the factors listed above and finds that the facts of this case favor its granting default judgment. First, the Government would suffer prejudice if the Court does not enter default judgment since Shore has not participated in this litigation and the Government has no other means of collecting the amounts due to it under the prior judgment, which has attached as a lien on the subject property. Second, the substance of the Government's claim was addressed and reduced to judgment in a prior action in which Shore stipulated to the amount due and agreed to pay it. Because the United States seeks only to collect the significant amount of money due from Shore pursuant to the judgment by foreclosing and selling the subject property, the fourth factor has also been satisfied. Similarly, the nature of a foreclosure action to satisfy an existing judgment and lien indicates little possibility of a material factual dispute. In any event, although Shore was served with the pleadings in this action and her attorney executed a waiver of service form, Shore has failed to respond to this action in any way, even after her attorney was served with copies of the request for default and entry of default.

Although cases should be decided on the merits when reasonably possible, that preference alone does not preclude the entry of default judgment. *PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D.Cal. 2002). Shore's liability for the unpaid taxes was previously litigated and reduced to judgment. Shore failed to make any payments toward the judgment amount and has declined to participate in this action. Default judgment is now the only course of action open to the United States and to this Court.

**IV.   Foreclosure and Sale of Property**

When there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, the Attorney General may bring an action in federal district court to enforce the lien created by 26 U.S.C. § 6321 or to subject any property held by the taxpayer to the payment of tax. 26 U.S.C. § 7403(a). After adjudicating the merits of the United States' claims to the subject property, the District Court may decree a sale of the property and order distribution of the proceeds from that sale. 26 U.S.C. § 7403(c).

Here, Shore has refused to pay the tax deficiencies, interest and penalties assessed against her. Accordingly, this Court recommends that the District Court enter judgment in favor of the United States' tax and judgment liens upon the subject property to satisfy the unpaid judgment.

**V.   Recommendation**

Accordingly, the undersigned **HEREBY RECOMMENDS** that:

1. The United States' motion for the entry of default judgment against Defendant Wilma Shore be granted.
2. The United States be declared to have valid and subsisting tax and judgment liens on the property located at 3705-3777 Meadow View Drive, Redding, Shasta County, California 96002, and more specifically described in the body of this order.
3. The United States' tax and judgment liens against the subject property be foreclosed and the subject property sold as detailed in the Recommended Order for Default Judgment, Foreclosure and Judicial Sale attached to these Findings and Recommendations;
4. The interests of Defendant Wilma Shore in the subject property be extinguished in favor of the United States.

**OBJECTIONS**

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court, serving a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 29, 2012                        /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE

**APPENDIX TO FINDINGS AND RECOMMENDATIONS RECOMMENDING THE GRANT OF THE GOVERNMENT'S MOTION FOR DEFAULT JUDGMENT**

**RECOMMENDED ORDER FOR DEFAULT, FORECLOSURE, AND JUDICIAL SALE**

Upon motion of Plaintiff the United States of America ("United States"), and for good cause shown, it is hereby **ORDERED**, pursuant to F.R.Civ. P. 55(b), that the United States Motion for Default Judgment be **GRANTED**. It is further **ORDERED**, pursuant to the provisions of 28 U.S.C. §§ 2001 and 2002, and 26 U.S.C. §§ 7402 and 7403, that the following Order of Foreclosure and Judicial Sale be entered:

1. Defendant Wilma Shore is indebted to the United States for unpaid assessment balances of federal taxes for tax years 1997 through 1999. These amounts were reduced to judgment in *Wilma Shore v. Kevin M. Brown, et al.,* No. 1:07-cv-01160-OWW-SMS (E.D. Cal.). On November 13, 2009, in that case, the Court issued a final judgment against Shore in the amount of $2,983,797.66, less payments or credits, plus interest accruing after July 17, 2009.

2. The subject property of which the United States seeks foreclosure is located at 3705-3777 Meadow View Drive, Redding, Shasta County, California 96002 ('the subject property"), more fully described as:

> Parcel One:
>
> All that portion of the Northerly 675.00 feet of the West one-half of the Northeast quarter of the Southeast quarter of Section 34, Township 31 North, Range 4 West, M.D.M., lying Northeasterly of the Northeasterly right of way line of the County Road as described in the Deed from Thaddeus I. Stevenson to County of Shasta, dated May 27, 1958 and recorded June 18, 1958 in Book 569, of the Official Records at page 37.
>
> Together with an easement for road purposes to be used in common with the Grantors, their heirs and assigns over the Westerly 40.00 feet of the West one-half of the Northeast one-quarter of the Southeast one-quarter of Section 34, Township 32 North, Range 4 West, M.D.M., lying Northerly of the County Road described in the deed to the County of Shasta recorded June 18, 1958 in Book 569 of the Official Records at page 37, Shasta County Records, and Southerly of the South line of the North 675.00 feet of said West one-half.
>
> Assessor's Parcel Number 056-590-010.

///

///

    <u>Parcel Two:</u>

    The East one-half of the Northwest one-quarter of the Southeast one-quarter of Section 34, Township 31 North, Range 4 West, Mount Diablo Base and Meridian.

    Excepting therefrom, Parcel 1 as described in the Deed to the County of Shasta, recorded July 28, 1958 in Book 572, Page 547, Official Records.

    Assessor's Parcel Number 056-590-08.

3. The provisions of 26 U.S.C. § 7403 entitle the United States to enforce its liens against the subject property in order to apply the proceeds towards the tax liabilities of Defendant Wilma Shore.

4. The United States' tax and judgment liens against the subject property are hereby foreclosed, and the subject property is ordered sold under 28 U.S.C. §§ 2001 and 2002 to satisfy those liens.

5. The Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the subject property.

6. The terms and conditions of the sale shall be as follows:

    a. The sale of the subject property shall be free and clear of the interests of Wilma Shore and all parties in the lawsuit, except for the rights of present tenants to continue their leases pursuant to the terms of their lease contracts (*see* Docs. 35 AND 44).

    b. The sale shall be subject to building lines, if established; all laws, ordinances, and governmental regulations, including building and zoning ordinances affecting the property; and easements and restrictions of record, if any.

    c. The sale shall be held either at the courthouse of Shasta County or of the municipality in which the property is located, or on the premises of the property.

    d. The PALS shall announce the date and time of the sale.

    e. Notice of the sale shall be published at least once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Shasta County, California, and at the discretion of the PALS, by any other notice that the PALS deems appropriate. The notice shall include a description of the property and the terms and conditions of the sale.

  f. The PALS shall set a minimum bid.  If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

  g. At the time of the sale, the successful bidder(s) shall deposit with the PALS, by money order or by certified or cashier's check payable to the Clerk of the United States District Court for the Eastern District of California, a deposit in an amount between five (5) and twenty (20) percent of the minimum bid as specified by the PALS in the published Notice of Sale.  Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this requirement.  No bid(s) will be accepted from any person(s) who have not presented proof that, if he or she is the successful bidder(s), he or she can make the deposit required by the Notice of Sale.

  h. The successful bidder(s) shall pay the balance of the purchase price for the property within sixty (60) days following the date of sale.  A certified or cashier's check payable to the Clerk of the United States District Court for the Eastern District of California shall be given to the PALS, who will deposit the funds with the Clerk of Court.  If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the  liabilities of Wilma Shore under the tax and judgment liens.  The Clerk shall distribute the deposit as directed by the PALS by check made to the "United States Treasury."  The property shall again be offered for sale under the terms and conditions of the order of sale, or, in the alternative, be sold to the second highest bidder.

  i. The Clerk of the Court is directed to accept the proceeds of the sale and deposit them into the Court's registry in an interest-bearing account and to hold it until distribution is directed by further order of this Court.

  j. The sale of the property shall be subject to confirmation by this Court.  On confirmation of the sale, the PALS shall execute and deliver its deed conveying the property to the purchaser.  Upon confirmation of the sale, all interests in, liens against, or claims to the property that are held or asserted by all parties to the action shall be discharged and extinguished (*see* Docs. 35 and 44).

    k. Following the Court's confirmation of the sale, the Recorder of Shasta County, California, shall cause the property transfer to be recorded on the county's register of title. The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law.

    l. The sale of the property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

7. Until confirmation of sale, Wilma Shore shall take all reasonable steps necessary to preserve in its current condition the property, including all buildings, improvements, fixtures and appurtenances, and shall maintain fire and casualty insurance on the property. She shall commit no waste against the property and shall not cause or permit any other person to do so. She shall do nothing that tends to reduce the value or marketability of the property and shall not cause or permit any other person to do so. She shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the property or that may tend to deter or discourage potential bidders from participating in the public auction, and shall not cause or permit any other person to do so.

8. Pending the sale of the property and until the deed to the property is delivered to the successful bidder, the PALS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the property, including but not limited to retaining a locksmith or other person to change or install locks or other security devices on any part of the property.

9. After the Court confirms the sale, the sale proceeds deposited with the Clerk of Court shall be applied pursuant to the stipulation of priority (Doc. 24) filed by the United States, in the order specified:

    a. First, to the United States Treasury for the expenses of the sale, including any expenses incurred to secure or maintain the property pending sale and confirmation by the Court;

    b. Second, to defendant Mid-Valley Services, Inc., for payment of its mortgage on the property;

     c. Third, to plaintiff United States of America for application to unpaid tax liabilities and the judgment entered against Wilma Shore in *Wilma Shore v. Kevin M. Brown, et al.*, No. 1:07-cv-01160-OWW-SMS (E.D. Cal.).