# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:11-cv-1038-AWI-SMS |
| Plaintiff, | |
| v. | **ORDER FOR FORECLOSURE AND JUDICIAL SALE** |
| WILMA SHORE, et al., | |
| Defendants. | |

Upon motion of Plaintiff the United States of America ("United States"), and for good cause shown, it is hereby **ORDERED**, pursuant to the provisions of 28 U.S.C. §§ 2001 and 2002, and 26 U.S.C. §§ 7402 and 7403, that the interest of Defendant Wilma Shore in the subject property be foreclosed and the property sold at a judicial sale:

1. Defendant Wilma Shore is indebted to the United States for unpaid assessment balances of federal taxes for tax years 1997 through 1999. These amounts were reduced to judgment in *Wilma Shore v. Kevin M. Brown, et al.,* No. 1:07-cv-01160-OWW-SMS (E.D. Cal.). On November 13, 2009, in that case, the Court issued a final judgment against Shore in the amount of $2,983,797.66, less payments or credits, plus interest accruing after July 17, 2009.

2. The subject property of which the United States seeks foreclosure is located at 3705-3777 Meadow View Drive, Redding, Shasta County, California 96002 ('the subject property"), more fully described as:

///

<u>Parcel One:</u>

All that portion of the Northerly 675.00 feet of the West one-half of the Northeast quarter of the Southeast quarter of Section 34, Township 31 North, Range 4 West, M.D.M., lying Northeasterly of the Northeasterly right of way line of the County Road as described in the Deed from Thaddeus I. Stevenson to County of Shasta, dated May 27, 1958 and recorded June 18, 1958 in Book 569, of the Official Records at page 37.

Together with an easement for road purposes to be used in common with the Grantors, their heirs and assigns over the Westerly 40.00 feet of the West one-half of the Northeast one-quarter of the Southeast one-quarter of Section 34, Township 32 North, Range 4 West, M.D.M., lying Northerly of the County Road described in the deed to the County of Shasta recorded June 18, 1958 in Book 569 of the Official Records at page 37, Shasta County Records, and Southerly of the South line of the North 675.00 feet of said West one-half.

Assessor's Parcel Number 056-590-010.

<u>Parcel Two:</u>

The East one-half of the Northwest one-quarter of the Southeast one-quarter of Section 34, Township 31 North, Range 4 West, Mount Diablo Base and Meridian.

Excepting therefrom, Parcel 1 as described in the Deed to the County of Shasta, recorded July 28, 1958 in Book 572, Page 547, Official Records.

Assessor's Parcel Number 056-590-08.

3. The provisions of 26 U.S.C. § 7403 entitle the United States to enforce its liens against the subject property in order to apply the proceeds towards the tax liabilities of Defendant Wilma Shore.

4. The United States' tax and judgment liens against the subject property are hereby foreclosed, and the subject property is ordered sold under 28 U.S.C. §§ 2001 and 2002 to satisfy those liens.

5. The Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the subject property.

6. The terms and conditions of the sale shall be as follows:

    a. The sale of the subject property shall be free and clear of the interests of Wilma Shore and all parties to the lawsuit, except for the rights of present tenants to continue their leases pursuant to the terms of their lease contracts (*see* Docs. 35

1 and 44).

2     b. The sale shall be subject to building lines, if established; all laws, ordinances,

3 and governmental regulations, including building and zoning ordinances affecting

4 the property; and easements and restrictions of record, if any.

5     c. The sale shall be held either at the courthouse of Shasta County or of the

6 municipality in which the property is located, or on the premises of the property.

7     d. The PALS shall announce the date and time of the sale.

8     e. Notice of the sale shall be published at least once a week for at least four

9 consecutive weeks before the sale in at least one newspaper regularly issued and

10 of general circulation in Shasta County, California, and at the discretion of the

11 PALS, by any other notice that the PALS deems appropriate. The notice shall

12 include a description of the property and the terms and conditions of the sale.

13     f. The PALS shall set a minimum bid. If the minimum bid is not met or

14 exceeded, the PALS may, without further permission of this Court, and under the

15 terms and conditions in this order of sale, hold a new public sale, if necessary, and

16 reduce the minimum bid.

17     g. At the time of the sale, the successful bidder(s) shall deposit with the PALS, by

18 money order or by certified or cashier's check payable to the Clerk of the United

19 States District Court for the Eastern District of California, a deposit in an amount

20 between five (5) and twenty (20) percent of the minimum bid as specified by the

21 PALS in the published Notice of Sale. Before being permitted to bid at the sale,

22 potential bidders shall display to the PALS proof that they are able to comply with

23 this requirement. No bid(s) will be accepted from any person(s) who have not

24 presented proof that, if he or she is the successful bidder(s), he or she can make

25 the deposit required by the Notice of Sale.

26     h. The successful bidder(s) shall pay the balance of the purchase price for the

27 property within sixty (60) days following the date of sale. A certified or cashier's

28 check payable to the Clerk of the United States District Court for the Eastern

District of California shall be given to the PALS, who will deposit the funds with the Clerk of Court.  If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the  liabilities of Wilma Shore under the tax and judgment liens.  The Clerk shall distribute the deposit as directed by the PALS by check made to the "United States Treasury."  The property shall again be offered for sale under the terms and conditions of the order of sale, or, in the alternative, be sold to the second highest bidder.

i.  The Clerk of the Court is directed to accept the proceeds of the sale and deposit them into the Court's registry in an interest-bearing account and to hold it until distribution is directed by further order of this Court.

j.  The sale of the property shall be subject to confirmation by this Court.  On confirmation of the sale, the PALS shall execute and deliver its deed conveying the property to the purchaser.  Upon confirmation of the sale, all interests in, liens against, or claims to the property that are held or asserted by all parties to the action shall be discharged and extinguished (*see* Docs. 35 and 44).

k.  Following the Court's confirmation of the sale, the Recorder of Shasta County, California, shall cause the property transfer to be recorded on the county's register of title.  The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law.

l.  The sale of the property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

7. Until confirmation of sale, Wilma Shore shall take all reasonable steps necessary to preserve in its current condition the property, including all buildings, improvements, fixtures and appurtenances, and shall maintain fire and casualty insurance on the property. She shall commit no waste against the property and shall not cause or permit any other person to do so.  She shall do nothing that tends to reduce the value or marketability of the property and shall not cause or permit any other person to do so.  She shall not record

any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the property or that may tend to deter or discourage potential bidders from participating in the public auction, and shall not cause or permit any other person to do so.

8. Pending the sale of the property and until the deed to the property is delivered to the successful bidder, the PALS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the property, including but not limited to retaining a locksmith or other person to change or install locks or other security devices on any part of the property.

9. After the Court confirms the sale, the sale proceeds deposited with the Clerk of Court shall be applied pursuant to the stipulation of priority (Doc. 24) filed by the United States, in the order specified:

    a. First, to the United States Treasury for the expenses of the sale, including any expenses incurred to secure or maintain the property pending sale and confirmation by the Court;

    b. Second, to Defendant Mid-Valley Services, Inc., for payment of its mortgage on the property;

    c. Third, to Plaintiff United States of America for application to unpaid tax liabilities and the judgment entered against Wilma Shore in *Wilma Shore v. Kevin M. Brown, et al.*, No. 1:07-cv-01160-OWW-SMS (E.D. Cal.).

IT IS SO ORDERED.

Dated:   April 3, 2012

                                        CHIEF UNITED STATES DISTRICT JUDGE